UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                  :

ANTONIO VOLPE PASINI,            :

                        :      **MEMORANDUM DECISION**

               Plaintiff,    :      **AND ORDER**

                        :

       - against -        :      21-cv-6697 (BMC)

                        :

GRUPPO EDITORIALE, INC.,     :

                        :

              Defendant.   :

                        :
-------------------------------------------------------- X

**COGAN**, District Judge.

      Plaintiff Antonio Volpe Pasini brought this action against his former employer, alleging

claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and

the New Jersey Wage and Hour Law ("NJWHL").  Defendant moves to transfer this case to the

District of New Jersey pursuant to 28 U.S.C. § 1404(a).  Plaintiff, in turn, moves for sanctions

against defendant pursuant to Federal Rule of Civil Procedure 11 for having made the transfer

motion.  For the following reasons, both motions are DENIED.

**BACKGROUND**

      Defendant is an Italian-language daily newspaper incorporated and with its principal

place of business in Bergen County, New Jersey.  Except for a two-year period in the late 1990s,

plaintiff has been employed by defendants as a page editor from 1990 to June 2020.  From 1990

to 2016, plaintiff worked principally out of defendant's office in New Jersey.  In 2016, he was

asked, along with three other editors, to begin working from home to save on costs.  As plaintiff

lived in Brooklyn, he began working from there, and did so up until he left the company.  There

was never any discussion of requiring plaintiff to regularly resume physically working in New Jersey.

## DISCUSSION

### I.      Transfer of Venue

#### A.      Standard of Review

"Under 28 U.S.C. § 1404(a), a district court has discretion to transfer an action to another district court '[f]or the convenience of parties and witnesses, in the interest of justice.'" Corley v. United States, 11 F.4th 79, 89 (2d Cir. 2021) (quoting 28 U.S.C. § 1404(a)).  The moving party has the burden of establishing by clear and convincing evidence that transfer is justified. See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 114 (2d Cir. 2010). "[I]n deciding a motion to transfer venue, the Court may consider factual submissions, including declarations, by defendants, who have the burden to justify a change of venue." Everlast World's Boxing Headquarters Corp v. Ringside, Inc., 928 F. Supp. 2d 735, 737 n.1 (S.D.N.Y. 2013).

A motion to transfer requires a two-step inquiry.  First, the Court must determine whether the case could have been brought in the proposed transferee district.  Hoadley v. MoneyGram Payment Sys., Inc., No. 08-cv-11192, 2009 WL 2001327, at *2 (S.D.N.Y. July 9, 2009) (citing Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 56 (S.D.N.Y. 2001)).  Second, the Court must determine whether transfer of the case is appropriate.  Id. (citing D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006)).

The district court should consider seven factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative

means of the parties." Corley, 11 F.4th at 89 (quoting D.H. Blair & Co., 462 F.3d at 106-07). District courts "have identified additional factors, including ([8]) 'the forum's familiarity with governing law,' and ([9]) 'trial efficiency and the interest of justice, based on the totality of the circumstances.'" Sarracco v. Ocwen Loan Servicing, LLC, 220 F. Supp. 3d 346, 356 (E.D.N.Y. 2016) (quoting Albert Fadem Tr. v. Duke Energy Corp., 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002)). These factors are not exhaustive, there is no rigid formula for balancing them, and no single factor is determinative. See, e.g., D.H. Blair & Co., 462 F.3d at 106 ("notions of convenience and fairness are considered on a case-by-case basis")

    **B.**    **Analysis**

There is no question that this action could have been brought in the District of New Jersey. "A case might have been brought in another forum if at the time the suit was brought, the defendants were subject to jurisdiction and venue was proper in that district." Alpha Indus., Inc. v. Alpha Clothing Co. LLC, 2021 WL 2688722, at *3 (S.D.N.Y. June 30, 2021) (quoting Smart Skins LLC v. Microsoft Corp., 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015)) (internal quotation marks omitted). Here, defendant is a New Jersey corporation headquartered in New Jersey. Accordingly, this action could have been brought in the proposed transferee district.

At the second step, however, defendant has failed to present either evidence or argument that transfer is warranted. "In seeking to meet [its] burden that clear and convincing evidence calls for transfer, [defendant] must establish that at least one of the factors weighs in favor of transfer, and that any factors weighing in favor of transfer outweigh any factors weighing against it." In re Peloton Interactive, Inc. Sec. Litig., No. 21-cv-2369, 2022 WL 1211516, at *2 (E.D.N.Y. Jan. 26, 2022). Defendant has failed to establish that at least one of the factors weighs in favor of transfer.

As for the first factor, "[a] plaintiff's choice of forum is to be given substantial weight and should not be disturbed unless the balance of convenience and justice weighs heavily in favor of defendant's proposed forum." Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc., 474 F. Supp. 2d 474, 486 (S.D.N.Y. 2007) (quotation marks omitted). Here, plaintiff resides in New York and has been working from New York since 2016. Therefore, this factor favors plaintiff unless the balance of convenience and justice weighs heavily in favor of New Jersey, which, as explained below, it does not.

"[F]actors two through seven address the relative ease of litigating in one district court over another" and are "heavily tied to geography – the closer two districts are, the less inconvenient it is to travel between them." In re Peloton Interactive, Inc. Sec. Litig., No. 21-cv-2369, 2022 WL 1211516, at *2. Defendant has sensibly conceded that "[s]ince both districts stand in close proximity to each other, the burden of traveling to one or the other should not be the deciding factor for this motion since one is arguably no better or no worse than the other." Therefore, the Court will regard these factors as neutral.[1]

Defendant fares no better on the two remaining factors. In general, the forum's familiarity with the governing law is "one of the least important factors in determining a motion to transfer, especially where no complex questions of foreign law are involved." Everlast, 928 F. Supp. 2d at 747. One of the reasons why this factor is accorded so little weight is because "federal courts are deemed capable of applying the substantive law of other states." Prudential Sec. Inc. v. Norcom Dev., Inc., No. 97-cv-6308, 1998 WL 397889, at *6 (S.D.N.Y. July 16, 1998). Defendant has not pointed to any esoteric elements of New Jersey law that this Court

---

[1] This is further supported by the fact that were the case to be transferred to the District of New Jersey, it would be allocated to Newark given that defendant is located in Bergen County.

would have to resolve as a matter of first impression.  Thus, even if New Jersey law does apply, this Court is perfectly capable of applying it.  Finally, efficiency and the interests of justice do not weigh heavily in favor of transfer.  The Court can discern no benefit to either in transferring the case.

## II.    Rule 11 Sanctions

Plaintiff also contends that the Court should *sua sponte* sanction defendant pursuant to Rule 11 for making its motion to transfer without a sound legal basis.  In arguing this, plaintiff notes that "[s]anctions under Rule 11 are intended to deter baseless filings and curb abuses." Plaintiff would do well to heed his own warning.  His motion for sanctions has a far more tenuous basis than defendant's motion to transfer.

## CONCLUSION

For the foregoing reasons, both parties' motions are DENIED.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
       May 25, 2022

5